UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SI03, INC., <br><br> Movant, <br><br> v. <br><br> BODYBUILDING.COM, LLC, <br><br> Respondent. | Case No. 1:07-mc-6311-EJL-LMB <br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on SI03's Rule 59 Motion to Amend. SI03 requests that the Court reconsider its denial of SI03's motion to compel. SI03's motion to compel seeks disclosure of the identity and contact information of an individual posting statements about SI03 on Respondent's website. The individual in question posted on the website under a pseudonym.

## Background

Movant SI03 is a producer of nutrition supplements. Bodybuilding.com is an internet based retailer of nutrition and bodybuilding supplements. Bodybuilding.com also keeps an extensive online presence, including online message boards. This case arises from SI03's efforts to identify several individuals who allegedly defamed SI03 over a period of time on a Bodybuilding.com message board. On July 27, 2007, SI03 served a subpoena on Bodybuilding.com seeking information "that would tend to identify the anonymous and pseudononymous individuals that posted defamatory statements

**REPORT AND RECOMMENDATION - 1**

about SI03." (*Motion to Compel*, Dkt 6 at 4). Bodybuilding.com objected to production and October 22, 2007, SI03 initiated the above-captioned action. (*See Id*.).

On May 1, 2008, the Court denied, without prejudice, SI03's motion to compel. (*Order*, Dkt. 39). That denial was eventually appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit remanded the case directing the district court to determine the nature of the speech at issue and then to determine under what standard to consider the Plaintiff's Motion to Compel. (*Memorandum of USCA*, Dkt. 72.) In determining the nature of the speech, the Ninth Circuit found it necessary to "know the true identities of the speakers" and, specifically, whether or not the speakers are agents of SI03's competitors. (Dkt. 72 at 3-4.) The speakers at issue on remand are four posters with pseudonymous of: INGENIUM, Chimpilic, cxm, and ElMariachi. The Ninth Circuit left to the district court "the task of fashioning specific procedures" concerning the disclosure process. (Dkt. 72 at n. 1.)

On remand, the district court set forth the procedure to identify if the speakers were in fact agents of SI03's competitors. (*Procedural Order*, Dkt. 77). Following extensive briefing on the matter (Dkts. 79, 86, 88), and a review of declarations of three of the four posters, the district court determined that the posters "were not agents of SI03, Inc's competitors …." Specifically, the court held that the declarations from INGENIUM, ElMariachi, and cxm adequately illustrated that they "were not agents of SI03, Inc.'s competitors," were not making statements "for a business purpose," and did not speak "for any economic reason." Accordingly, the district court denied SI03's motion to compel and dismissed the action. (*Order*, Dkt. 90).

**REPORT AND RECOMMENDATION - 2**

SI03 now moves the Court to amend that Order with regard to the poster going by the moniker "cxm." In summary, SI03 argues that because Judge Edward J. Lodge previously stated that "Plaintiff may be capable of withstanding a motion for summary judgment," (Order, Dkt. 68), with regard to statements made by cmx, that the Court is foreclosed from now dismissing Plaintiff's claim under a less-strenuous motion to dismiss standard. (*Motion*, Dkt 92). Thus, SI03 requests that the Court amend its prior ruling and order that the identity of cxm be disclosed.

A district court may reconsider a previous ruling under a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment. A ruling on such a motion is reviewed for abuse of discretion. *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1441 (9th Cir.1991); *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). The court should reconsider a prior ruling if it is "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In this action, SI03 has misinterpreted Judge Lodge's comment that "Plaintiff *may* be capable of withstanding a motion for summary judgment" (Order, Dkt. 68), into a finding that SI03 has presented a *prima facie* case with regard to cxm. This is simply not the case. In the district court's first order denying the motion to compel, it held the posts made by cmx *may* be actionable, but ultimately concluded that First Amendment rights prevail, and disclosure is not warranted.

**REPORT AND RECOMMENDATION - 3**

This conclusion is buttressed in the district court's subsequent denial (Dkt. 90), including a declaration provided by cxm, which states that she is not an employee, agent, or otherwise employed in the supplement industry and has no relationship with SI03 or its competitors. Instead, the statement provided by cxm undermine SI03's contention that it has already made a *prima facie* showing regarding cmx. Furthermore, the statements satisfy the directive of the Court of Appeals (Dkt. 73) that the district court "determine[] the speakers' relationship to SI03" before considering the underlying motion to compel. Accordingly, the Court finds no error or confusion in the district court's previous ruling and SI03's motion to amend (Dkt. 92) should be denied.

## Recommendation

In accordance with the foregoing, it is hereby RECOMMENDED that SI03's Motion to Amend/Correct (Dkt. 92) be DENIED.

DATED: September 11, 2013

Honorable Larry M. Boyle
U. S. Magistrate Judge